UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CLINTON LEE PRITCHARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:19-CV-167-RLJ-DCP |
| ) | |
| FRED SMITH, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983. Now before the Court are Defendant's motion for summary judgment based on Plaintiff's failure to exhaust his available administrative remedies as the Prison Litigation Reform Act ("PLRA") requires [Doc. 18] and motion in limine [Doc. 38]. Plaintiff filed a response in opposition to Defendant's motion for summary judgment [Doc. 24] and Defendant filed a reply [Doc. 29], as well as additional evidence responding to Plaintiff's response allegations [Docs. 30, 30-1, 30-2]. Accordingly, the Court entered an order allowing Plaintiff to file a sur-reply and Defendant to file a sur-sur-reply [Doc. 33], which they have done [Docs. 41, 42]. For the reasons set forth below, Defendant's motion for summary judgment [Doc. 18] will be **GRANTED**, Defendant's motion in limine [Doc. 38] will be **DENIED as moot,** and this action will be **DISMISSED without prejudice**.

### I.    STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the

burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). To successfully oppose a motion for summary judgment, "the non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cty.*, 625 F.3d 935, 940 (6th Cir. 2010).

**II.     ANALYSIS**

As the evidence in the record establishes that Plaintiff did not timely file a grievance regarding his claim that Defendant used excessive force against him on May 11, 2018 [Doc. 1 p. 4–5], which is his only claim proceeding herein [Doc. 4 p. 5] despite this administrative procedure being available to him, Defendant is entitled to summary judgment. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requires "proper exhaustion" of administrative remedies for all prisoner claims. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). As such, prisoners must complete "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 88.

In some limited circumstances, an inmate is relieved of his duty to exhaust administrative remedies because the remedies are effectively unavailable. *See Ross v. Blake*, 136 S. Ct. 1850, 1859–60 (2016). These circumstances include (1) when there is no possibility for relief through use of the procedure; (2) when the rules are so confusing as to render them essentially unknowable; and (3) when prison officials "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id*.

The parties agree that the applicable grievance policy provided Plaintiff seven days to file a grievance regarding the incident on May 11, 2018, in which he alleges Defendant used excessive

2

force against him [Doc. 1 p. 4–5; Doc. 30-2 p. 2; Doc. 41 p. 36–37], and that Plaintiff did not file his first grievance about this incident until July 15, 2018 [Doc. 41 p. 36]. But the parties disagree as to when this seven-day clock began to run, and therefore disagree as to whether Plaintiff's July 15, 2018 grievance was timely. Specifically, Defendant asserts that the seven-day clock began as of May 11, 2018, the date of the incident underlying Plaintiff's claim [Doc. 1 p. 4–5; Doc. 29 p. 2; Doc. 30 p. 2; Doc. 30-2 p. 2]. However, Plaintiff asserts that he had seven days from the date on which he learned Defendant's name to file his grievance [Doc. 41 p. 36].[1] Thus, the Court must determine whether any genuine issue of material fact remains as to this issue.

First, the applicable grievance policy provides that a prisoner must file a grievance "within seven calendar days of the occurrence or the most recent occurrences giving rise to the grievance" [Doc. 30-2 p. 2]. However, another portion of the grievance policy provides that "the grievant shall describe the problem in detail, including times, dates, and names, etc., when appropriate" [Doc. 41 p. 6]. Plaintiff relies on this latter provision to assert that he could not file his grievance until he learned Defendant's name, and thus argues that because he filed his grievance as soon as he learned Defendant's name, it is timely [*Id.* at 27, 35–37]. But this is not a reasonable interpretation of the policy, as it is apparent that the policy's reference to "names" is conditioned by the statement "when appropriate" [*Id.*].

Reading the relevant portions of the applicable grievance policy together, it requires a prisoner to file a grievance that includes all relevant details of which he is aware (including names, as appropriate) within seven days of the relevant incident. But nothing in the policy requires a

---

[1] While Plaintiff argued in his initial response to Defendant's motion for summary judgment that his assertion that no correctional officer would give him a grievance during the relevant time period also excused his failure to timely file a grievance [Doc. 26 p. 12], in his sur-reply he admits that he had access to grievance forms during the relevant time period and instead argues that he could not file a grievance without Defendant's name [Doc. 41 p. 35–36].

3

prisoner, such as Plaintiff, who does not know the name of the person responsible for the occurrence he wishes to grieve, to provide that name in his grievance, nor does the policy excuse a prisoner from complying with the seven-day grievance deadline until he can learn the relevant name. In other words, the mere reference to "names" in the policy as a detail that a prisoner shall provide "when appropriate" does not graft an implied extension of the seven-day deadline for grievances until a prisoner knows the name of the jail official responsible for the condition the prisoner wishes to grieve. Nor does it render the policy's seven-day deadline for grievances "so confusing as to render [it] essentially unknowable" as required for the grievance process to be unavailable. *Ross*, 136 S. Ct. 1859–60.

Moreover, Plaintiff's subjective belief that he was unable to utilize the grievance policy without including Defendant's name is insufficient to make that remedy unavailable. *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (holding that "exhaustion is required even if the prisoner subjectively believes the remedy is not available"); *Brock v. Kenton Cty., Ky.*, 93 F. App'x 793, 798 (6th Cir. 2004) (noting that "'[The PLRA] says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him. The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them'" (quoting *Chelette v. Harris,* 229 F.3d 684, 688 (8th Cir. 2000))).

Thus, it is undisputed that the applicable grievance policy required Plaintiff to file a grievance within seven days of the incident he seeks to grieve, and that Plaintiff did not file a grievance within seven days of the incident underlying his claim proceeding herein. Moreover, Defendant has come forward with affirmative evidence that the grievance procedure was available to Plaintiff during those seven days, and Plaintiff has failed to present evidence from which a reasonable jury could find that it was not. The Supreme Court has found that "the plain language

4

of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Accordingly, Defendants' motion for summary judgment [Doc. 18] will be **GRANTED** and this action will be **DISMISSED without prejudice**.

### III. CONCLUSION

For the reasons set forth above:

1. Defendant's motion for summary judgment [*Id.*] will be **GRANTED**;

2. Defendant's motion in limine [Doc. 38] will be **DENIED as moot**;

3. This action will be **DISMISSED without prejudice**; and

4. The Court **CERTIFIES** that any appeal from this decision would not be taken in good faith, and that Plaintiff should be **DENIED** leave to proceed *in forma pauperis* on any subsequent appeal.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

    **IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge